Richard J. Cardamone, J.
On June 21, 1967 the relator, Lawrence Cox, a 13-year-old youngster, was adjudged a person in need of supervision by the Family Court of Onondaga County on the finding he was a habitual truant.
At the time of his initial placement at the Highland Training Center, the relator and his mother were not represented by counsel. The relator was paroled into the custody of his mother on June 17, 1968. While still on parole and in the custody of his mother, an application was made to the Family Court of Onondaga County for a one-year extension of the relator’s placement, commencing December 21, 1968, which request was granted on November 20, 1968. The application was made pursuant to subdivision (b) of section 756 of the Family Court Act.
No notice was given to relator or his mother of this request for an extension of his placement nor was any hearing held thereon. On March 10,1969 a warrant was signed for relator’s arrest by the Superintendent of the State Agricultural and Industrial School alleging that the relator had been truant from school for 41 days. On March 17, 1969 the relator was released to the parole officer and returned to Highland Training School for violation of parole, pursuant to subdivision 2 of section 437 of the Social Services Law.
The question presented is whether this 13-year-old boy was entitled to a notice and a hearing on the extension of his placement at Highland Training School for Children for an additional one-year period by the Family Court of Onondaga County on November 20, 1968; and whether the same procedure was required to be followed when the said infant violated his parole in March, 1969.
*405 This matter was instituted by an order to show cause as to why the relator should not be released, and all persons similarly situated as members of a class, should not be released from the custody of the respondent, Appelton, as Superintendent of the Highland Training School for Children. The applicable provisions of the CPLR make this an appropriate proceeding. Glenerally, writs of habeas corpus are entertained only in the county where the relator is detained (Matter of Hogan v. Culkin, 18 N Y 2d 330, 335). The relator is detained in Ulster County, and this action was commenced by service of a show cause order because his production was not deemed necessary. Article 5 of the CPLR provides that a special proceeding may be commenced in the county where the petitioner (in this case Laureen Cox, mother of the relator) resides, which is Onondaga County. Thus, venue in Onondaga County is appropriate.
This proceeding purports to be a class action under article 70 of the CPLR for all of those persons detained and whose placements have been extended and who are to be under the supervision of the respondent. This action may not be entertained as a class action. The class action provisions set forth in CPLR 1004 are incompatible with the habeas corpus provisions in article 70 (CPLR 7002). The Legislature did not intend to have the ancient writ of habeas corpus converted into a means of general jail delivery. Here each of the placements extending the terms of the various individuals presently detained at the Highland Training School is different to the individual involved and each of them may determine for himself what, if any, remedy he will seek (Gaynor v. Rockefeller, 15 N Y 2d 120,129).
The relator was entitled to a notice of the application for an extension of his placement and a hearing to determine whether or not there were sufficient grounds for extending the same. It is fundamental that due process of the law under the Fourteenth Amendment of the United States Constitution requires a notice and a hearing, prior to incarceration, placement or detention for any appreciable period of time, for juveniles or persons in need of supervision. (Matter of Gault, 387 U. S. 1.) The same constitutionally guaranteed procedural safeguards apply to the relator’s alleged violation of parole (People ex rel. Combs v. La Vallee, 29 A D 2d 128, 129-130). Such right to a hearing, where the violator must personally be present (and not through counsel or others) is mandated in chapter 203 of the Laws of 1968.
A question has been raised as to the constitutionality in this proceeding as to certain sections of the Family Court Apt *406 (§ 756, subd. [b]) and the Social Services Law (§ 437). There is a presumption of validity supporting these statutory provisions so strong as to deem a demonstration of invalidity, beyond a reasonable doubt (Matter of Van Berkel v. Power, 16 N Y 2d 37, 40). Without considering the appropriateness of Special Term’s striking of these statutory provisions on the ground of unconstitutionality, such determination is not deemed necessary by this court in reaching its conclusions here.
Relator is entitled to a hearing on the extension of his placement and to a hearing on the violation of his parole, at both of which he must be personally present.